UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANDS & ORCHESTRA SUPPLIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17 CV 2240 DDN |
| JOHN E. REID and ASSOCIATES, | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER
### STRIKING FAILURE-TO-MITIGATE AFFIRMATIVE DEFENSE

This action is before the court upon the motion of plaintiff U. S. Bands & Orchestra Supplies, Inc., to strike one of the affirmative defenses pled by defendant John E. Reid and Associates. (Doc. 15).

Plaintiff seeks statutory damages against defendant, alleging defendant sent plaintiff unsolicited advertisements to plaintiff's facsimile machine, in violation of the Telephone Consumer Protection Act of 1991, as amended, 47 U.S.C. § 227 (TCPA). (Doc. 1). Defendant's answer included a number of affirmative defenses, including failure to mitigate damages, which plaintiff seeks to have stricken by the court. (Doc. 13). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Plaintiff argues defendant's failure to mitigate affirmative defense is insufficient as a matter of law. More specifically, plaintiff argues that the TCPA imposes no duty on recipients of unsolicited faxed advertisements to mitigate their damages, that this affirmative defense merely serves as a diversion, and that its presence in the case is prejudicial because it will increase plaintiff's required legal work.

Defendant responds that striking a defense is an extreme and disfavored action, citing *Stanbury Law Firm v. Internal Rev. Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Defendant argues further that there is no controlling Eighth Circuit or Supreme Court precedent prohibiting this defense and that little additional legal work would be required of plaintiff because other affirmative defenses it has pled encompass the discovery relevant to the failure to mitigate defense.

Courts have liberal discretion to strike pleadings under Rule 12(f). *Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op, Inc.*, 278 F.2d 742, 748 (8th Cir. 2001). However, and as defendant notes, striking a party's pleading is an extreme measure viewed with disfavor. *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d at 1063. "[T]he Court should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, No. 4:08 CV 243 JCH, 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008). On Rule 12(f), the moving party must show that it is prejudiced by the inclusion of a defense, but when the challenged defense fails as a matter of law, prejudice – in the form of the resources and time expended to counter such a defense – is presumed. *Suzanne Degnan, DMD, PC v. Dentis USA Corp.*, No. 4:17 CV 292 CEJ, 2017 WL 2021085, at *1 (E.D. Mo. May 12, 2017).

The failure to mitigate affirmative defense should be stricken in this case for several reasons. The TCPA provides that plaintiffs may recover "actual monetary loss" or liquidated damages in the amount of "$500 in damages for each . . . violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). In this case, plaintiff has limited itself to seeking only statutory, liquidated damages. (Doc. 1). The TCPA does not include any express requirement that fax recipients mitigate statutorily-prescribed damages. *Compare with* 47 U.S.C. § 227(c)(5)(C) (Congress explicitly provided defendants an affirmative defense if they "established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.").

Furthermore, the agency responsible for administering the TCPA, the Federal Communications Commission, has confirmed that the TCPA does not impose a duty to mitigate with respect to the receipt of unsolicited faxes:

2

> Some of the unsolicited facsimile advertisements provide consumers with telephone numbers to call to express their desire not to participate in any future polls and/or to be removed from the entities' distribution list(s). Faxing even one advertisement, however, constitutes a violation of the TCPA and the Commission's Rules if the sender does not have an established business relationship with the recipient and/or the recipient's prior express consent to receive the fax advertisement. Accordingly, recipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials.

FCC, *In re 21st Century Fax(es), Ltd.,* Citation, Case No. EB–00–TC–001 (March 8, 2000), available at https://transition.fcc.gov/eb/Orders/21c.txt.

A plaintiff's actual damages could theoretically be greater than $500 per unsolicited fax, but mitigation would not apply to the statutory, liquidated damages of $500 per violation (or up to $1500 for willful or knowing violations). 47 U.S.C. § 227(b)(3)(C); *see also Ross v. Garner Printing Co.,* 285 F.3d 1106, 1113 (8th Cir. 2002) (holding that mitigation damages ordinarily are inapplicable to liquidated damages) (applying Iowa law). Although *Ross* involved a breach of contract claim, the underlying principle is the same. It is clear from the complaint that plaintiff seeks only the statutory damages of $500–$1500 per violation. (Doc. 1, Ex. 1 at ¶ 39(c) and (d)).

Accordingly, because plaintiff is only seeking statutory, liquidated damages and the TCPA imposes strict liability, and because neither the TCPA nor the FCC contemplates any duty on the part of fax recipients to mitigate, the law is sufficiently clear that this defense cannot succeed in response to the allegations in this case. *See Connector Castings, Inc. v. Newburg Rd. Lumber Co.*, No. 4:17 CV 1204 ERW, 2017 WL 3621329, at *2 (E.D. Mo. Aug. 23, 2017); *Suzanne Degnan,* 2017 WL 2021085, at *2; *see also Powell v. W. Asset Mgmt., Inc.,* 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011). Its inclusion in this case is therefore prejudicial to plaintiff, and the interests of judicial economy are best served by striking this defense at this stage of the litigation.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff to strike defendant's eighth affirmative defense for failure to mitigate damages (Doc. 15) **is sustained**. This affirmative defense is stricken from defendant's answer.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 27, 2017.